UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

DIEDRE TOWNSEND-TAYLOR and
RONNIE TAYLOR,

        Plaintiffs,

            Case No. 05-C-0952

   v.

AMERITECH SERVICES, INC.,

        Defendant.

_____

## AGREED PROTECTIVE ORDER
_____

Plaintiffs, DIEDRE TOWNSEND-TAYLOR and RONNIE TAYLOR, and Defendant, AMERITECH SERVICES, INC., by their respective attorneys, having agreed that the following restrictions shall apply to documents produced for inspection and copying pursuant to Rule 26 of the Federal Rules of Civil Procedure and Civil L.R. 26.4, it is hereby ordered that:

    1.    The purpose of this Protective Order is to protect against the unnecessary disclosure of confidential information. Documents and information protected by this Order shall include the medical records of Plaintiffs and their minor children, Rontae Taylor, Kayla Taylor, and Leajona Townsed (referred to hereafter as "Confidential Materials" and marked with the word "CONFIDENTIAL").

    2.    As used herein, "disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise communicate Confidential Materials, and the restrictions contained herein regarding disclosure of Confidential Materials

shall also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, briefs, exhibits, transcripts or other documents which may be prepared in connection with this litigation which contain or refer to the Confidential Materials or information contained therein.

3. During the pendency of this litigation, Confidential Materials shall be retained solely in the custody of the parties' attorneys and shall not be placed in the possession of or disclosed to any other person, except as set forth in paragraph 5 below, as otherwise agreed upon by the parties, or upon leave of Court. Confidential Materials contain sensitive information and shall be utilized only for the purpose of this litigation. Any person shown Confidential Materials must be told of its confidential nature and must agree to keep it confidential.

4. Upon completion of the litigation, each party shall return to the other or destroy all copies of Confidential Materials after the party who produced the Confidential Materials requests in writing that the Confidential Materials be returned or destroyed. If the material is destroyed, counsel for the destroying party shall certify in writing that the destruction has taken place.

5. The parties and counsel for the parties must not disclose or permit the disclosure of any Confidential Materials protected by this Order to any other person or entity, except that disclosures may be made in the following circumstances:

    a. Disclosure may be made to counsel for the parties and employees of counsel for the parties (e.g., attorneys, clerks, paralegals, and secretaries) who are directly involved in prosecuting or defending this litigation. Any such employee to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Order.

    b. Medical records obtained through discovery in this litigation may not be disclosed to any employees of Defendant Ameritech Services, Inc. or any

      other company within the family of companies owned by AT&T Inc. (f/k/a SBC Communications Inc.), other than in-house legal counsel Stephen B. Mead, except as to any records or information that Plaintiffs voluntarily disclose, or have previously voluntarily disclosed.

  c. Plaintiffs may review the Confidential Materials.

  d. The health care providers who treated Plaintiffs and their children may review Confidential Materials which they prepared or which they received or reviewed in the course of their treatment of Plaintiffs or their children.

  e. Confidential Materials may be used in the depositions of Plaintiffs and the health care providers who treated Plaintiffs and their children.

  f. Confidential Materials may be reviewed by an expert witness or consultant expressly employed or retained by counsel or a party to this litigation to whom it is necessary to disclose Confidential Materials for the purpose of prosecuting or defending this litigation; and

  g. Confidential Materials may not be filed in Court until the parties have conferred about whether all or part of the materials should be placed under seal. If Plaintiffs request that Confidential Materials be filed under seal and Defendant objects to such a request, Defendant may not file the Confidential Materials until the matter is resolved by the Court.

6. Nothing in this order shall bar or otherwise restrict any attorney for any party from rendering advice to his or her client with respect to this case or from doing anything necessary to prosecute or defend this case and furthering the interests of his or her client.

7. Any person or entity to whom Confidential Materials are disclosed in accordance with this Protective Order may use the Confidential Materials solely in connection with the prosecution or defense of this litigation, and shall not disclose such Confidential Materials to any other person or entity (except as permitted above) or use such information for any other purpose in violation of the terms of this Protective Order.

8. This Order does not limit the right of any party to object to the scope of discovery in the above-captioned action.

9. This Order does not constitute a determination of the admissibility or evidentiary

foundation for the documents or a waiver of any party's objections thereto.

10. Nothing shall prevent disclosure beyond the terms of this Order if all parties consent to such disclosure, or if the Court, after notice to all affected parties, permits such disclosure. Specifically, if and to the extent any party wishes to disclose any Confidential Materials beyond the terms of this Order, that party shall provide all other parties with reasonable notice in writing of its request to so disclose the materials. If the parties cannot resolve their disagreement with respect to the disclosure of any

Confidential Materials, then a party may petition the Court for a determination of these issues.

IT IS SO ORDERED.

          ENTERED BY:   s/ Rudolph T. Randa
                  Hon. Rudolph T. Randa
                  Chief Judge

          DATE:   January 18, 2006

AGREED TO BY:

 s/ Robert M. Mihelich
Robert M. Mihelich
Attorney for Plaintiffs

 s/ Laura A. Lindner
Laura A. Lindner
Attorney for Defendant